CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 1 6 2005

JOHN F. CORCORAN, CLERK
BY: /s/
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEREK HORTON, ) | |
|     Plaintiff, ) | Civil Action No. 7:05CV00689 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ) | **By Hon. Glen E. Conrad** |
| GENE M. JOHNSON, et al. ) | **United States District Judge** |
|     Defendant. ) | |

The plaintiff, Derek Horton, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that Horton has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the action pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## BACKGROUND

The plaintiff has been incarcerated at Red Onion State Prison since March 11, 2004. Prior to being transferred to Red Onion, the plaintiff was incarcerated at Augusta Correctional Center. The plaintiff alleges that while he was at Augusta, he was found guilty of "sexual assault upon or forcible sexual advances towards an inmate." As a result of this charge, the plaintiff was reclassified and transferred to Red Onion.

The plaintiff has been held in administrative segregation at Red Onion since his arrival. The plaintiff's complaint includes the following details about the limitations placed on inmates housed in segregation:

> They are prohibited from ordering any commissary food items (consumables). They are not allowed to possess their walkmans in

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

> segregation or have access to the same. They are allowed to have their televisions, but are denied access to any basic public television or cable t.v. channels of any type, instead they only have access to a continuous display of the new and old policy memorandums, weekly chow menus, as well as pre-recorded elementary level and pre-GED level underclass study programs, which air a couple of times daily. These inmates are housed in their cells with a blurred, sealed closed window, obstructing any would-be outside view. They remain under these conditions twenty-four (24) hours-a-day, seven (7) days-a-week with a brightly illuminated light shining from the ceiling of their cell from 6:00 a.m. - 10:00 p.m. daily. They get one hour outside recreation time in an 8' by 10 ½' cage five (5) days-a-week and a fifteen (15) minute shower three (3) times-a-week.

As a result of these conditions, the plaintiff alleges that he has lost weight, and that he has suffered from depression and headaches.

The plaintiff also alleges that prison personnel initially agreed to store any personal property that he was not permitted to possess in segregation. However, on July 15, 2005, the plaintiff received a memo advising inmates that the prison would no longer store personal property, and that they would have to dispose of any stored personal property in accordance with the disposition process set forth in Department Operating Procedure (DOP) 856.[2] On August 19, 2005, the plaintiff received a Notice of Confiscation. The notice advised the plaintiff that all impermissible property, including "walkman storage and segregation storage" was subject to confiscation by the prison.[3] The plaintiff appealed the Notice of Confiscation through the Inmate Grievance Procedure. Upon reviewing the plaintiff's grievance, the warden determined that the

---

[2] The plaintiff submitted a copy of the July 15, 2005 memorandum. The memorandum states, in pertinent part, as follows: "If you have not been approved for progressive housing as of the effective date you will be required to disposition [sic] all items of not allowed property. This will include walkman storage, segregation storage as well as initial intake not allowed storage."

[3] The plaintiff submitted a copy of the notice and related grievance forms.

2

grievance was unfounded and that all procedures were correctly applied. The warden advised the plaintiff that he would be required to dispose of the items at issue in accordance with DOP 856. The warden's decision was upheld on appeal.

The plaintiff subsequently filed this action against the defendants on November 9, 2005. The plaintiff also filed a motion for preliminary injunction. The case is presently before the court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

1. Conditions of Confinement

The plaintiff first alleges that his conditions of confinement in segregation are unconstitutional. The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, an inmate must allege facts which show that he has either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement, or that the conditions have created an unreasonable risk of serious injury. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. Although the plaintiff alleges that he has lost weight from not being able to purchase food from the commissary, there is no indication that the plaintiff has been deprived of his regular daily meals. Likewise, the plaintiff's

3

assertion that he has suffered from headaches and depression as a result of his cell's lighting fails to state a claim of constitutional magnitude. As the United States Court of Appeals for the Fourth Circuit explained in Mickle v. Moore, 174 F.3d 464, 472 (4th Cir. 1999), "[d]epression and anxiety are unfortunate concomitants of incarceration; they do not however, typically constitute the 'extreme deprivations ... required to make out a conditions-of-confinement claim.'" (quoting Hudson v. McMillian, 503 U.S. 1, 8-9 (1992)). Additionally, while the plaintiff may be dissatisfied with the entertainment options available to inmates in segregation and the degree of space in which he is permitted to exercise, there is no indication that the challenged conditions pose an unreasonable risk of serious injury. Therefore, the court concludes that the plaintiff's first claim must be dismissed.

To the extent the plaintiff's allegations can be construed to assert a due process claim arising from his placement in segregation, such claim is also without merit. A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). Having reviewed the plaintiff's allegations, the court concludes as a matter of law that his conditions of confinement do not implicate a protected liberty interest. See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (holding that conditions of confinement in segregation did not implicate a liberty interest where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions). Because the plaintiff does not possess a liberty interest in avoiding confinement in segregation, he is not entitled to due process protections.

2.      Deprivation of Property

In his second claim, the plaintiff alleges that the defendants violated his right to due process by failing "to intervene in the seizure, disposition and destruction of his stored personal property, resulting from the July 15, 2005 memorandum." The deprivation of property may implicate constitutional rights if such deprivation is accomplished without providing due process. Zinermon v. Burch, 494 U.S. 113, 125 (1990). "To determine whether a constitutional violation has occurred, the court must determine what procedural protections the state has provided in conjunction with the policy and whether those procedures were sufficient to ensure that deprivations pursuant to the policy are lawful." Bannan v. Angelone, 962 F. Supp. 71, 75 (W.D. Va. 1996). If the deprivation is made pursuant to an official policy, an inmate must receive some combination of predeprivation notice and an opportunity to be heard. Id.

In the present case, the plaintiff acknowledges that he received notice of the new policy disallowing the storage of personal property, and that he was given the opportunity to dispose of his stored personal property via the procedures outlined in DOP 856. The documents submitted by the plaintiff also reveal that before his property was disposed of, the plaintiff received a notice advising him that his property was subject to confiscation, as well as the right to appeal the decision. Therefore, the court concludes that the disposal of the plaintiff's personal property did not violate his right to due process. See Bannan, 962 F. Supp. at 75 (holding that the prison's new policy regarding the seizure of non-conforming property satisfied the dictates of the Due Process Clause, where the plaintiff received notice of the new policy, he was given the opportunity to dispose of unauthorized property via several procedures, and he was given the right to appeal an adverse decision before his property was confiscated).

5

3. <u>Length of Confinement in Segregation</u>

In his third claim, the plaintiff appears to challenge the length of his confinement in segregation. The plaintiff states that he has been subjected to an "excessively lengthy administrative segregation term under unstandardized conditions." However, as previously explained, the plaintiff has failed to allege facts sufficient to establish that his confinement in segregation has resulted in any serious physical or mental injuries. Therefore, the court concludes that the plaintiff's third claim must also be dismissed. See <u>Mickle v. Moore</u>, 174 F.3d at 472 (holding that the inmates' confinement in segregation for over three years was not unconstitutional, where there was no evidence of a serious of significant physical or emotional injury).

For the reasons stated, the court concludes that the plaintiff's complaint fails to state a claim upon which relief may be granted.[4] Accordingly, the court will dismiss the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

**ENTER:** This 16th day of December, 2005.

*[signature]*

United States District Judge

---

[4] Having reached this conclusion, the plaintiff's motion for preliminary injunction will be denied.

6

Case 7:05-cv-00689-GEC-mfu Document 14 Filed 12/16/05 Page 6 of 6 Pageid#: 103